**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000675**
**20-JAN-2017**
**08:47 AM**

NO. CAAP-16-0000675

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RESORTS TRAVEL, LLC, Petitioner-Appellant, v.
OFFICE OF CONSUMER PROTECTION, DEPARTMENT OF COMMERCE AND
CONSUMER AFFAIRS, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 16-1-0193)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack appellate jurisdiction over Petitioner-Appellant Resorts Travel LLC's (Appellant Resorts Travel) appeal from the Honorable Karl K. Sakamoto's August 8, 2016 interlocutory "Order Denying Petitioner Resorts Travel, LLC's[,] Petition to Quash or Modify Subpoena Duces Tecum" (hereinafter "the August 8, 2016 interlocutory order") in circuit court S.P. No. 16-1-0193 (KKS), because the August 8, 2016 interlocutory order is not eligible for appellate review in the absence of a separate, final judgment pursuant to Hawaii Revised Statutes (HRS) § 641-1(a) (2016), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), HRCP Rule 81(b)(9), and the holding in Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the Hawai'i Intermediate Court of Appeals from final judgments, orders, or

decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 81(b)(9) provides that the Hawaiʻi Rules of Civil Procedure apply to a circuit court special proceeding such as this for the purpose of resolving a dispute over the enforceability of an administrative subpoena duces tecum. Based on HRCP Rule 58, the Supreme Court of Hawaiʻi holds that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawaiʻi 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawaiʻi 482, 489, 353 P.3d 1024, 1031 (2015). When interpreting the requirements for an appealable final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawaiʻi has explained that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

Jenkins, 76 Hawaiʻi at 119, 869 P.2d at 1338 (citation omitted; original emphasis). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City & County of Honolulu, 109 Hawaiʻi 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawaiʻi at 120, 869 P.2d at 1339 (footnote omitted).

On November 29, 2016, the circuit court clerk filed the record on appeal for appellate court case number CAAP-16-0000675, which does not contain a separate, appealable, final judgment for

2

circuit court S.P. No. 16-1-0193 (KKS). Absent an appealable final judgment, we lack appellate jurisdiction to review the August 8, 2016 interlocutory order.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-16-0000675 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-16-0000675 are dismissed as moot.

DATED: Honolulu, Hawai'i, January 20, 2017.

Presiding Judge

Associate Judge

Associate Judge